UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA R. HOWARD,

    Plaintiff,                                Case No. 14-cv-11701
                                           Hon. Matthew F. Leitman

v.

DETROIT MEDICAL CENTER,
d/b/a SINAI GRACE HOSPITAL,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (ECF #2)

Plaintiff Donna R. Howard ("Howard") filed the instant action against Defendant Detroit Medical Center ("DMC"), d/b/a Sinai Grace Hospital, in Michigan's 36th District Court on January 16, 2014. (*See* Compl., ECF #1 at 9-10.) In her Complaint, Howard alleges that she worked for DMC as a "Patient Care Associate" until 2007, when she "was terminated unfairly." (*Id.* at 10.) Howard also requests "the remaining amount" from her pension at DMC. (*Id.*) On April 29, 2014, DMC removed the action to this Court on the basis that Howard's Complaint, in part, seeks to recover pension benefits and that her claim is therefore completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 *et seq*. (*See* Notice of Removal, ECF #1 at 3-6.)

DMC has now moved to dismiss Howard's Complaint or, in the alternative, for summary judgment. (*See* "DMC's Motion," ECF #2.) DMC asserts that Howard has failed to state a claim upon which relief can be granted as to her claim for pension benefits because she has not alleged essential elements of that cause of action. (*See id.* at 9-10, Pg. ID 20-21.) Specifically, DMC argues that Howard's claim for pension benefits should be dismissed because she has not pleaded that (1) she applied for and was denied benefits, (2) a decision by her pension plan was arbitrary and capricious, and (3) she exhausted her administrative remedies. (*See id.*)[1] DMC further argues that the Court should dismiss Howard's claim for wrongful termination because it is barred by (1) the applicable statute of limitations and (2) res judicata and claim preclusion. (*See* DMC's Motion at 11-12, Pg. ID 22-23.)

Howard did not file a timely response to DMC's Motion. *See* Local Rule 7.1(e)(1)(B). Accordingly, the Court ordered Howard to file a response to DMC's Motion no later than July 21, 2014. (*See* Order Requiring Response to Motion,

---

[1] In the alternative, DMC asserts that it is entitled to summary judgment on Howard's claim for pension benefits based on an affidavit of a DMC human resources representative, who states that Howard elected to have her pension paid out over 10-year installments, and the pension plan does not allow her to – and Howard acknowledged that she could not – change her payment option. (*See id.* at 11, Pg. ID 22; Aff. of David J. Weiner, ECF #2-1.)

2

ECF #4.)  Howard submitted a short, handwritten response to DMC's Motion on July 14, 2014.  Howard's response, in relevant part, is reprinted below:

> I Donna Renee Howard is responding to the order sent to me Motion to Dismiss….  Donna Renee Howard filed a judgment against my ex-employer Detroit Medical Center Sinai Grace Hospital concerning wrongful firing that took place in January 2007.  I was kick in head on left side by patient.  I'm suffering from chronic physical condition.  My ex-employer made false allegations about my job performance and I was fired later from my career in nursing.  I'm seeking for lost wages.

(Howard Resp., ECF #6 at 1-2, Pg. ID 55-56.)[2]

When deciding a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erikson v. Pardue*, 551 U.S. 89, 94 (2007), "basic pleading essentials" must still be satisfied.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In this case, even construing Howard's Complaint in the light most favorable to her, the Court finds that she has not stated a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Howard's Complaint and her response to

---

[2]  The Court finds that oral argument would not aid its decision on DMC's Motion and will therefore decide the motion without a hearing.  *See* Local Rule 7.1(f)(2).

DMC's Motion simply lack a coherent basis for granting relief.  This Court cannot grant relief on Howard's apparent claim for pension benefits because, among other reasons, she has not pleaded that she exhausted administrative remedies available to her under ERISA.  *See, e.g., Borman v. Great Atlantic & Pacific Tea Co., Inc.*, 64 Fed. App'x 524, 529 (6th Cir. 2003) (affirming district court's dismissal of plaintiff's complaint where plaintiff "failed to adequately allege predicate exhaustion of available ERISA administrative remedies").  Moreover, Howard does not even mention pension benefits – let alone cite any supporting legal authority – in her response to DMC's Motion.  Accordingly, the Court deems Howard to have waived the claim.  *See McCann v. U.S. Bank, N.A.*, 873 F.Supp.2d 823, 847 (E.D. Mich. 2012) (citing *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005)).[3]

As to Howard's wrongful termination claim, it appears that Howard previously brought such a claim against DMC on substantially the same facts as Howard now alleges in her Complaint.  *See Howard v. Sinai-Grace Hosp.*, No. 10-cv-13997, 2011 WL 1118726 (E.D. Mich. March 24, 2011), *aff'd*, No. 11-2245 (6th Cir. March 15, 2012).  In that case, Howard's wrongful termination claim was

---

[3] Even if Howard had pleaded a claim for pension benefits, DMC would be entitled to summary judgment on this record, as Howard has presented no evidence to counter the affidavit of DMC's human resources representative, who stated that Howard elected to have her pension paid out over 10 years and acknowledged that she could not later change that election.  (*See* Aff. of David J. Weiner, ECF #2-1.)

dismissed because she did not exhaust her administrative remedies by filing a complaint with the Equal Employment Opportunity Commission within the requisite time period. *See id.* "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998). Howard's wrongful termination claim was (or at the very least, could have been) raised in her prior action. Accordingly, she is now barred from relitigating that claim.

## CONCLUSION

For all of the reasons stated in this Opinion and Order, **IT IS HEREBY ORDERED** that DMC's Motion (ECF #2) is **GRANTED**, and Howard's Complaint (ECF #1 at 9-10) is **DISMISSED WITH PREJUDICE**, in its entirety.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 6, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113

5